(Reap. Dec. 9893)

JOHN M. HAFFERT *v.* UNITED STATES

Entry No. 714979, etc.

(Decided December 29, 1960)

*James G. McGoldrick* for the plaintiff.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

JOHNSON, Judge: The appeals for reappraisement enumerated in the schedule, attached hereto and made a part hereof, have been sub-

mitted for decision upon the following stipulation of counsel for the respective parties:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States, defendant, subject to the approval of the Court,

1. That the merchandise involved in the four above-listed appeals to reappraisement consists of religious statuary and miniature silver crowns, exported from Portugal between July 13, 1955 and March 1, 1957, and is substantially the same in all material respects as the merchandise reappraised by the court in the case of John M. Haffert v. The United States [Reap. 247108–A and nine others] decided on re-hearing March 23, 1959, Reap. Dec. 9360, 42 Cust. Ct. 571.

2. That said imported merchandise was entered in United States dollars at the invoice prices and was appraised at the invoice unit prices; plus 25 per centum, plus packing.

3. That there was an agreement between the manufacturer or supplier and the Ave Maria Institute, whereby the latter, through the agency of the importer, was made the exclusive representative of the former in the United States.

4. That the merchandise was freely offered to all purchasers for home consumption at prices designated as "Retail Price At Studio Shop", as set forth on Schedule A.

5. That the prices did not vary with the quantity purchased.

6. That there is no export value for this merchandise as that value is defined in section 402(d) of the Tariff Act of 1930.

7. That foreign value, as defined in section 402(c) of the Tariff Act of 1930, is the proper basis for the determination of the value of this merchandise.

8. That such foreign value is represented by the prices designated as "Retail Price at Studio Shop", as set forth in Schedule A, attached hereto, plus cost of packing as invoiced.

9. That these appeals for reappraisement are abandoned as to all items of merchandise covered by the four above-listed appeals, with the exception of the items of statuary and silver crowns listed in Schedule A, attached hereto.

10. That these appeals for reappraisement may be submitted on this stipulation and on the invoices, entries and other official papers relating to the entry and appraisement of the merchandise covered by these four above listed appeals.

On the agreed facts, I find that foreign value, as that value is defined in section 402(c) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, is the proper basis for the determination of the value of the religious statuary and miniature silver crowns, listed in schedule "A," attached hereto and made a part hereof, and that such values are the values set forth in said schedule "A," plus cost of packing, as invoiced.

As to all other items of merchandise, the said appeals, having been abandoned, are dismissed.

Judgment will be rendered accordingly.